```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

**UNITED STATES OF AMERICA**

    vs.                                      Criminal Action 2:24-cr-003
                                                   JUDGE MICHAEL H. WATSON

**EFRAIN SALGUERO CANO**

<u>**REPORT AND RECOMMENDATION**</u>

     Defendant Efrain Salguero Cano[1] is charged by *Indictment* with illegal reentry into the United States following removal after a felony conviction in violation of 8 U.S.C. § 1326(a), (b)(1). *Indictment*, ECF No. 12. Prior to his scheduled arraignment, the Court was advised that defendant wished to plead guilty to that charge at his arraignment. The parties have not entered into a plea agreement. On January 24, 2024, defendant, assisted by a Spanish interpreter, personally appeared with his counsel at an arraignment and entry of guilty plea proceeding.

     Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 25 Fed.Appx. 290, 291(6th Cir. 2001)(Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

     During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness and was not under the influence of narcotics, other drugs, or alcohol.

---

[1] Defendant testified at the arraignment that his name is actually Efrain Cano Salguero.

1

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead.  Based on the observations of the undersigned, defendant understands the nature and meaning of the charge in the *Indictment* and the consequences of his plea of guilty to that charge.  Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary.  Defendant was advised that all sentencing terms will be determined by the District Judge.  Defendant was further advised that, if the sentence imposed is more severe than the sentence that defendant expected, defendant may nevertheless not withdraw his guilty plea on that basis.

Defendant confirmed the accuracy of the statement of facts supporting the charge, which was submitted at the arraignment for filing. He confirmed that he is pleading guilty to Count 1 of the *Indictment* because he is in fact guilty of that crime*.*  The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Count 1 of the *Indictment* is knowingly and voluntarily made with understanding of the nature and meaning of the charge and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Count 1 of the *Indictment* be accepted.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office, which is **DIRECTED** to expedite that process. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes.  Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* See *United States v. Wandahsega,* 924 F.3d 868, 878 (6th Cir. 2019); *Thomas v. Arn,* 474 U.S. 140 (1985).

| | |
|---|---|
| January 24, 2024 | s/ Norah McCann King |
| Date | Norah McCann King |
| | United States Magistrate Judge |

3